IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAMONT ANDRE WILLIAMS                                                                    PLAINTIFF

       v.                         Civil No.  4:13-cv-04056

RON STOVALL, Sheriff of Miller
County, Arkansas, in his official
capacity; MS. McCLURE; WARDEN
BRAZELL; and SERGEANT WHITEHURST                                          DEFENDANT


**ORDER**

Pending before me are the following motions: (1) a motion to dismiss filed by the Defendants (ECF No. 21); (2) a motion for hearing filed by the Plaintiff (ECF No. 23); (3) a motion to supplement the complaint filed by Plaintiff (ECF No. 24); (4) a motion for issuance of subpoenas filed by the Plaintiff (ECF No. 25); and (5) a motion for appointment of counsel filed by the Plaintiff (ECF No. 26).

**Motion to Dismiss** (ECF No. 21)

Defendants move for dismissal on the basis that the Plaintiff failed to keep the Court and Defendants apprised of his current address.  The motion (ECF No. 21) is **DENIED.**  Plaintiff has since submitted a change of address.

**Motion for Hearing** (ECF NO. 23)

Plaintiff asks that this case be scheduled for trial.  The motion (ECF No. 23) is **GRANTED IN PART and DENIED IN PART.**  A scheduling order will be issued.

**Motion to Supplement** (ECF No. 24)

In this motion, Plaintiff asks to supplement the complaint.  He indicates that since he filed the complaint in this case he has been retaliated against.  The motion (ECF No. 24) is **DENIED.**  As this

claim arose after the complaint was filed, Plaintiff could not have exhausted his administrative remedies as to the retaliation claim. Plaintiff is advised that he should first exhaust his administrative remedies and then he may file a case regarding his retaliation claim. **The Clerk is directed to send the Plaintiff a § 1983 complaint form.**

### Motion to Subpoena Documents (ECF No. 25)

Plaintiff asks the Court to subpoena documents from the Miller County Detention Center, Sysco Foods, and Tyson Foods, related to the food provided at the detention center in the year 2013. The Court does not need to issue a subpoena for documents from the Miller County Detention Center. Instead, Plaintiff merely has to ask the Defendants' counsel to produce these documents.

Defendants are directed to treat the motion as a request for the production of documents. Defendants are directed to provide the Plaintiff, within thirty days of the day this order is entered, all documents related to the purchase of food items for inmate consumption, copies of any product labels they may have setting forth ingredients of the food products, and any menus used during the year 2013. Once Plaintiff receives these documents, if he believes it is still necessary to obtain documents from Sysco Foods and Tyson Foods, he may file another motion for the issuance of subpoenas.

Plaintiff also asks the Court to subpoena video footage from the Defendants for the date August 15, 2014, from 6:15 p.m. to 8:15 p.m. This footage is related to Plaintiff's claims of retaliation. The Plaintiff has not been given permission to add those claims to this case. However, as Defendants are now aware that Plaintiff will be bringing a claim regarding this incident, they should take whatever action is necessary to preserve this video.

As set forth above, the motion (ECF No. 25) is **GRANTED IN PART and DENIED IN PART.**

**Motion for Appointment of Counsel** (ECF No. 26)

Plaintiff asks the Court to appoint him counsel in this case. He is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In *Mallard v. United States District Court*, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915 (e)(1) provides as follows: "the court may request an attorney to represent any person unable to afford counsel." "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (citation omitted). "Once indigent *pro se* litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.* The decision to appoint counsel in civil cases is committed to the discretion of the District Court. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir.1984).

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *See Edgington*, 52 F.3d at 780. "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (quoting *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Plaintiff urges the Court to consider the following: he has no resources; the detention center has no law library or legal materials; he has no envelopes; no flex pens; must sharpen his pencils using a

razor which can result in disciplinary action; and he believes going up against Defendants' counsel puts him at an unfair advantage.

Review of the materials filed in this case indicates Plaintiff has an understanding of the claims at issue. He has submitted a number of motions including a motion asking for the issuance of subpoenas for documents. From what is currently before the Court, it appears Plaintiff will be able to adequately represent himself. The motion (ECF No. 26) is **DENIED.**

**IT IS SO ORDERED this 27th day of February 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE