IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**DAMONT ANDRE WILLIAMS**                                                                                  **PLAINTIFF**

v.                                            Civil No. 13-cv-4056

**RON STOVALL; MS. McCLURE;**
**WARDEN BRAZELL; and SGT. WHITEHURST**                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Damont Andre Williams filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated at the Bowie County Correctional Center. Currently before me is Defendants' Motion for Summary Judgment. ECF No. 32. Plaintiff responded with the aid of a Court prepared questionnaire. ECF No. 40.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 19. Pursuant to this authority, I find this Motion is ready for decision and issue this Memorandum Opinion.

1.   **BACKGROUND**

Plaintiff is currently incarcerated in the Bowie County Correctional Center in Texarkana, Texas. During the time at issue in this case, Plaintiff was incarcerated in the Miller County Detention Center ("MCDC"). Plaintiff, a Muslim, filed his Complaint on May 23, 2013 alleging his constitutional rights were violated when he was "fed pork products under the guise that they were pork free". ECF No. 1. On June 24, 2013 Plaintiff filed an Addendum to his Complaint (ECF No. 8) clarifying his claims against Sheriff Ron Stovall, Sgt. Whitehurst and Warden Brazell.

Plaintiff also named Jerri McClure, the MCDC kitchen supervisor, as an additional defendant. ECF No. 8.  Plaintiff makes both official and individual capacity claims against each Defendant. ECF No. 40.

On September 24, 2015, Defendants filed a Motion for Summary Judgment.  ECF No. 32. Plaintiff filed a Response on February 22, 2016 using a questionnaire prepared by the Court.  ECF No. 40.

**2.    SUMMARY JUDGMENT RECORD**

Upon review of the summary judgment record, I find the following as undisputed facts:

Plaintiff was booked into MCDC on March 20, 2013.  ECF No. 33-1.  At this time, no record was made on the booking intake sheet regarding any request by Plaintiff for a pork-free diet because of his religious beliefs.  ECF No. 33-1.

Plaintiff filed several grievances during his incarceration at MCDC relating to his diet.  The first was filed on May 9, 2013 and states in: "I am a Muslim and have been for over 10 years now. Due to my religious beliefs the consumption of pork, pork by-products are forbidden.  I was just informed that red #40 and yellow #5 contains pork by-products because I had my family research this."  ECF No. 33-4.  Defendant Brazell responded in writing to this grievance on May 13, 2013 stating: "I spoke with the kitchen and they are investigating this grievance.  They are going to watch your food tray and it should be taken care of[f].  If you see any item that doesn't meet Muslim requirements let me know."  ECF No. 33-4.

On May 15, 2013 Plaintiff filed a second grievance stating that for the first time he was brought a chicken patty and greens instead of cold cuts and pork and beans.  ECF 33-4.  Defendant Brazell responded stating: "The products served here meet all your requirements.  Pork and beans

is the only thing that doesn't and you are not served them. We are doing everything within reason to accommodate you. I would appreciate you doing the same." ECF 33-4.

On May 16, 2013 Plaintiff filed a third grievance which responded to Defendant Brazell's written notation on the May 15, 2013 grievance. Plaintiff states: "I received the response from you pertaining to the most recent grievance that I submitted where you stated I'm not served pork and beans but you failed or neglected to put that I'm not served pork and beans anymore, (anymore) being the key word because I was served pork & beans for 2 months unknowingly which is ILLEGAL because I should've [been] notified that pork is served in this facility when I advised Miller Co. staff that I was a Muslim therefore Pork-free." Plaintiff also states for the first time: "On the same note my meals are being prepared by the same hands that serve and prepare the pork and beans which is not HALAL. My meals shouldn't even be prepared in the same area as any pork products. Furthermore can you please send me the address I need to write A.D.C. so I can address this issue with them as well." ECF No. 33-4. The next day Defendant Brazell responded: "Duplicate Already answered. No one in this facility [k]new anything about you being a Muslim until you wrote your first grievance recently. There is no record of you notifying us during the book-in process."

On May 18, 2013 Plaintiff filed another grievance stating: "The preparation of my food when pork is being served should not be at the hands of the same person(s) that are serving the pork. That is not HALAL for I am a Muslim inmate here at the Miller County jail. Preparation of my food shouldn't even be in the same area as the preparation of the pork products unless that area has been sanitized. Furthermore my tray shouldn't be kept in the same warming cart or served by any inmate or officer that is serving and/or handling the pork products. This is illegal and it shouldn't take place here @ the Miller County jail." ECF No. 33-4.

On May 19, 2013 Plaintiff filed his last grievance claiming for the first time "salami that came from Tyson had pork in it which is why Miller County switched to Janni-O turkey products and also the pork & beans have PORK.  I have already filed my 1983 civil suit against Miller County and the truth will eventually prevail.  The truth being you violated my religious rights by serving me pork for 2 months.  The only thing that didn't contain pork was the juice packages.  But the meat and pork and bean did."  ECF No. 33-4.  After filing grievances on May 9, 2013 and May 15, 2013 Plaintiff was not served any food containing pork.  ECF No. 40.

Plaintiff has no medical documentation to verify that eating pork products at MCDC made him dizzy and gave him headaches.  ECF No. 40.

**3.      LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**4.   DISCUSSION**

   a. Official Capacity Claims

Plaintiff has failed to state an official capacity claim against any Defendant.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that Defendants acted under color of state law and that they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities.  *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998).  With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010).  In other words, Plaintiff's official capacity claims against Defendants here are treated as claims against Miller County.  *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).  The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

*Id.* at 817-18.

To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e*., that the custom was the moving force behind the constitutional violation.

*Id*., 725 F.3d at 828 (citations omitted).

Plaintiff alleges in the Addendum to his Complaint that when "Miller County does not ask inmates their religious beliefs during the book-in process, nor do they ask about the dietary requirement of those beliefs", the MCDC is engaging in an unconstitutional custom.  ECF No. 40.

In addition, Plaintiff claims that the jail's kitchen allows cross-contamination of pork products with non-pork products. ECF No. 40. Neither of these allegations establish the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by Miller County. If an inmate has a religious dietary preference, the inmate can certainly communicate this information to an officer at booking, which Plaintiff did when he was incarcerated at the jail in 2014. ECF No. 33-3. With respect to the kitchen cross contamination allegation, Plaintiff has submitted no evidence to support this allegation. In fact, according to the Affidavit of Defendant Brazell (ECF No. 33-2) all food items in the jail are prepared with separate utensils in order to prevent cross-contamination. ECF No. 40.

      b. Religion Claim

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *see also Cruz v. Beto*, 405 U.S. 319 (1972). However, this right is not without limitation. The Supreme Court has recognized "incarceration brings about the necessary withdrawal or limitation of many privileges and rights." *O'Lone*, 482 U.S. at 348. Like with the freedom to receive ideas, "the free exercise right is limited insofar as a prisoner's adherence to religious practices may be regulated by prison authorities, so long as such regulations are reasonably related to legitimate penological interests.'" *Murphy v. Carroll*, 202 F. Supp. 2d 421, 424 (D. Md. 2002)*(quoting Turner*, 482 U.S. at 89; *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-349 (1987); *Cruz*, 405 U.S. at 322)); *see also Thomas v. Gunter*, 32 F.3d 1258, 1259-60 (8th Cir. 1994). "A prisoner need not be afforded his preferred means of practicing his religion as long as he is afforded sufficient means to do so." *Murphy v. Missouri Department of Corrections*, 372 F.3d 979, 983 (8th Cir. 2004). Specifically, it has been held inmates are entitled to a diet sufficient

to sustain health and satisfy religious dictates. *See McElyea v. Babbitt,* 833 F.2d 196, 198 (9th Cir. 1987).

In order to present a valid First Amendment claim in this context, Plaintiff has the "burden of establishing that the alleged religious belief or ritual in question [a pork-free diet] is based on a teaching of the religion [Islam], that [Plaintiff's] belief in the teaching is sincerely held, and that the governmental action in question actually infringe[d] upon [his] free exercise of this belief." *Goff v. Graves,* 362 F.3d 543, 547 (8th Cir. 2004). Defendants do not contest that a pork-free diet is a tenet of Islam or that Plaintiff's proclaimed beliefs as a Muslim are not sincerely held. Consequently, the only question remaining is whether some action by Defendants actually infringed upon Plaintiff's free exercise of his belief.

Defendants argue Plaintiff did not notify them he was a Muslim when he was initially booked into MCDC on March 20, 2013. Indeed, the Arrest and Booking Detail Page from March 20, 2013 does not contain any notation that Plaintiff is a Muslim. ECF No. 33-1. Defendants only became aware of Plaintiff's religious restriction for a pork free diet seven weeks after Plaintiff was booked into MCDC on May 9, 2013 - when Plaintiff filed his first grievance. ECF No. 33.

Despite Plaintiff's allegations in his Complaint and Response to Defendants' Motion for Summary Judgment, the record indicates Plaintiff was not denied a pork-free diet nor was there any cross contamination of his food trays by any Defendants. Plaintiff may not rest on mere allegations when faced with factual evidence to the contrary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). According to the Affidavit of Defendant Brazell, once Defendants were made aware of Plaintiff's religious beliefs "we went out of our way to ensure that Mr. Williams received a pork free diet". ECF No. 33-2. In addition, all pork-free items served by the MCDC

kitchen are prepared with separate utensils in order to prevent cross-contamination. ECF No. 33-2.

Even if Plaintiff was inadvertently or negligently served pork and beans made with pork between May 9, 2013 and May 13, 2013 Plaintiff has failed to show any Defendants were responsible for this conduct. *See Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.").

Accordingly, there are no genuine issues of material fact as to whether Plaintiff was denied a pork-free diet or that his food tray was cross contaminated in violation of his First Amendment rights.

## 5. CONCLUSION

Accordingly, Defendants Motion for Summary Judgment (ECF No. 32) is **GRANTED.** Plaintiff's claims against each Defendant are hereby dismissed with prejudice.

**DATED this 11th day of March 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE